IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTT PETERS, #M52851, and
BARRY MORRIS, #N42509,

      Plaintiffs,

  vs.                                Case No. 17-cv-0852-DRH

JOHN BALDWIN,
ILLINOIS DEPARTMENT OF
CORRECTIONS,
CHRIS BRADLEY,
JAQUELINE LASHBROOK,
FRANK LAWRENCE,
HOLLY HAWKINS,
GAIL WALLS,
CINDY MEYER, and
R. ROWOLD,

      Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is, once again, before the Court for case management. The action was originally filed on August 10, 2017 by two individuals, Scott Peters and Barry Morris, who are in custody at Menard Correctional Center ("Menard"). (Doc. 1). The Court entered a preliminary Order in this matter on August 24, 2017. (Doc. 7). In it, Plaintiff Morris was ordered to advise the Court in writing, no later than September 25, 2017, whether he wished to pursue his claims in group litigation. *Id.* Lead plaintiff Scott Peters was not required to respond to the Order.

Plaintiff Morris filed a timely "Motion to Separate from Scott Peters Complaint/Class and Motion for Extension of Time to File Separate Complaint" (Docs. 9, 10). In his Motion, he seeks removal from the present action and leave to pursue his claims individually in a separate lawsuit. (Doc. 9). He also seeks leave to file an amended complaint in his separate action and a thirty day time frame within which to do so. *Id.*

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff Morris's Motion to Separate from Scott Peters Complaint/Class and Motion for Extension of Time to File Separate Complaint (Docs. 9, 10) is **GRANTED**. A new action will be opened in his name, and he will be given 30 days within which to file an amended complaint.

**IT IS FURTHER ORDERED** that **BARRY MORRIS** is **TERMINATED** from this action. The Clerk is **DIRECTED** to open a new case for Morris, captioned **BARRY MORRIS, Plaintiff v. JOHN BALDWIN, ILLINOIS DEPARTMENT OF CORRECTIONS, CHRIS BRADLEY, JAQUELINE LASHBROOK, FRANK LAWRENCE, HOLLY HAWKINS, GAIL WALLS, CINDY MEYER, and R. ROWOLD, Defendants**. The Clerk is further **DIRECTED** to file the following documents in this newly opened case: (1) this Memorandum and Order; (2) the Complaint (Doc. 1); (3) the preliminary Order (Doc. 7); and (4) Plaintiff Morris's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 4).

The Clerk is **DIRECTED** to change the caption of *this* case to: **SCOTT PETERS, Plaintiff v. JOHN BALDWIN, ILLINOIS DEPARTMENT OF**

2

**CORRECTIONS, CHRIS BRADLEY, JAQUELINE LASHBROOK, FRANK LAWRENCE, HOLLY HAWKINS, GAIL WALLS, CINDY MEYER, and R. ROWOLD, Defendants.** Only Plaintiff Peters will proceed in this action.

Both cases are still subject to preliminary review pursuant to 28 U.S.C. § 1915A. No service shall be ordered in the present case or the severed case until the § 1915A review is completed.

Plaintiff Morris is **GRANTED** leave to file a "First Amended Complaint" in the case opened in his name **on or before October 26, 2017.** Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the Court will still review the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A as it applies to him.

When Plaintiff Morris prepares his First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for the action opened in his name. Only Plaintiff Peters should use *this* case number.

The pleading shall present each claim in a separate count, and each count shall specify, by name, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff Morris should attempt to include the facts of his case in chronological order, inserting any defendant's name where necessary to identify the actors. Plaintiff Morris should refrain from filing unnecessary exhibits. Plaintiff Morris should include

only related claims in his new complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff Morris to comply with this order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff Morris must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

Plaintiff Morris is further **ADVISED** that his obligation to pay the filing fee was incurred at the time this action was filed, thus the filing fee remains due and payable, regardless of whether the plaintiff elects to file an amended complaint in his case. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Plaintiffs Peters will be assessed a filing fee in this action. Plaintiff Morris will be assessed a filing fee in his new case.

Finally, both Plaintiffs are **ADVISED** that they are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in their address; the Court will not independently investigate their whereabouts. This shall be done in writing and not later than **7 days** after a

transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.09.26 09:54:55 -05'00'

**United States District Judge**