IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT PETERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:17-CV-852-MAB |
| | ) |
| JOHN BALDWIN and | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the motion to reconsider filed by Plaintiff Scott Peters ("Peters") (Doc. 118). In short, Peters asks this Court to reconsider a portion of its July 8, 2020 Memorandum and Order (Doc. 114), which granted in part and denied in part a motion for summary judgment on the issue of exhaustion. Defendants John Baldwin and the Illinois Department of Corrections ("IDOC Defendants") have filed a response in opposition to Peters' motion to reconsider. For the following reasons, the motion to reconsider will be denied.

## Legal Standard

The Court has inherent power to reconsider interlocutory orders at any time prior to the entry of final judgment. *E.g., Marconi Wireless T. Co. of Am. v. United States*, 320 U.S. 1, 47–48 (1943); *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018); FED. R. CIV. P. 54(b). That being said, the Court's prior rulings "are not intended as mere first drafts, subject to

revision and reconsideration at a litigant's pleasure." *Berger v. Xerox Ret. Income Guar. Plan*, 231 F. Supp. 2d 804, 820 (S.D. Ill. 2002) (citing *Rhone–Poulenc, Inc. v. Int'l Ins. Co.*, 877 F.Supp. 1170, 1173–74 (N.D. Ill. 1995)). Reconsideration of an interlocutory order is only appropriate when a court has misunderstood a party, made a decision outside the adversarial issues presented to the court by the parties, made an error not of reasoning but of apprehension, or where a significant change in the law or the facts has occurred since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). *See also Entm't USA, Inc. v. Moorehead Commc'ns, Inc.*, 897 F.3d 786, 795 (7th Cir. 2018) ("[M]otions to reconsider exist to spare parties and courts unnecessary appeals.") "Such problems rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191.

## Discussion

To begin with, it is important to outline the specific claim that the motion to reconsider is targeting. Peters' amended complaint sought to advance a claim against the IDOC and John Baldwin on behalf of himself and a class of inmates "with mobility issues . . . who require accommodations, including a wheelchair, to get around the IDOC facilities" (Doc. 82). It alleged that the IDOC does not allow wheelchair-bound inmates to participate in or access the cafeteria, the gym, school and educational programs, summer night yard, and MP3 player kiosks (*Id.*). Peters claimed the IDOC refused to allow mobility-impaired persons who need to use wheelchairs to participate in meals in the cafeteria with the general population. Peters' complaint asserted that "[t]he IDOC forces

the Plaintiffs to eat meals in their cells. In the summer, the general population eats meals outside, while the Plaintiffs eat in their cells" (Doc. 82).

At the *Pavey* hearing on March 5, 2020, Peters' attorney clarified the nature of his complaint regarding the cafeteria. He said the cafeteria is not wheelchair accessible and, therefore, wheelchair-bound inmates are forced to eat all of their meals in their cells by themselves (*See* Doc. 114, p. 10). Peters wanted to eat his meals in the same communal setting as the non-disabled inmates in general population (*Id*.). The Court ultimately concluded that Peters had failed to exhaust his claim that the IDOC violated the ADA by denying mobility-impaired inmates access to the cafeteria and other activities (*Id*. at 17). The Court did, however, allow Peters to proceed on a different ADA claim concerning the use of assistive devices (*Id*.).

Peters' motion to reconsider contends that after the *Pavey* hearing and the Court's summary judgment order, Peters discovered the Administrative Review Board's ("ARB") final decision denying grievance #117-5-17 (an emergency grievance dated March 26, 2017) (*See* Doc. 118). Peters says this newly discovered evidence demonstrates that he fully exhausted that grievance and warrants reconsideration (*Id*.). The IDOC Defendants argue that even accepting this grievance as fully exhausted, it was not done so prior to the filing of the consolidated complaint in this case (Doc. 121).[1] Moreover, the IDOC Defendants argue the content of the grievance is key here (*Id*.). The exhausted grievance

---

[1] This case was filed on August 10, 2017 (Doc. 1). On March 6, 2019, the Court consolidated this case with 17-cv-499 (*Peters v. Baldwin*) and designated this case as the lead case (*See* Docs. 76, 80). The Court ordered a consolidated complaint to be filed, which Peters promptly did (Docs. 80, 82).

takes issue with the fact he was served a different type of meal in his cell than the inmates received in the cafeteria and it does not mention the accessibility of the cafeteria (*Id.*).

The primary purpose of the exhaustion requirement is to give prison officials notice of a problem and a chance to correct it before they are subjected to a lawsuit. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) ("The exhaustion requirement's primary purpose is to alert the state to the problem and invite corrective action.") (internal quotation marks and alterations omitted; citation omitted); *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) ("Grievances are intended to '[allow prisons] to address complaints about the program it administers before being subjected to suit . . . .'" (quoting *Jones v. Bock,* 549 U.S. 199, 219 (2007)).

Here, a careful review grievance #117-5-17 reveals that Peters is complaining that inmates who eat in their cells received a different meal than the inmates who ate in the cafeteria (*See* Doc. 118-1). Specifically, Peters wrote that every inmate who went to the mess hall today was allowed to eat "BBQ pork" which is a "rarely prepared meal" in the facility (*Id.*). Peters further complained that he was not offered a choice and was given "bone meal cold cuts" (*Id.*). It is true that Peters mentions the fact that he is "handicapped" and references the ADA, claiming that the discrepancy in the food options is a "violation of the Equal Protection clause of the ADA Title II" (*Id.*). But ultimately, the key to this grievance is the constant reference to the "pork" and the fact that it is a rarely prepared meal (*Id.*). The "relief requested" portion of the grievance states, in pertinent part, "they get pork I want pork" (*Id.*). This grievance can only be fairly read as a complaint regarding the different types of meals offered to inmates who

eat in their cell as opposed to the cafeteria. There is nothing in this grievance to suggest Peters is complaining about the accessibility of the cafeteria in any manner or the fact that Peters is missing out on a communal setting to eat a meal. Rather, the grievance is entirely focused on the fact that Peters did not receive the rarely prepared meal of barbeque pork (*Id*.).

So even in light of this newly discovered evidence demonstrating that grievance #117-5-17 was fully exhausted, it does not change the Court's summary judgment ruling. Peters failed to exhaust his claim regarding the cafeteria as there is nothing within this grievance or the newly discovered evidence that can be fairly read as a complaint regarding mobility-impaired inmates' accessibility to the cafeteria. The motion to reconsider will be denied.

## Conclusion

For the foregoing reasons, Peters motion to reconsider (Doc. 118) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 24, 2020**

                                             s/ Mark A. Beatty
                                             **MARK A. BEATTY**
                                             **United States Magistrate Judge**