IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTT PETERS,                                    )
                                                 )
                              Plaintiff,          )
                                                 )
vs.                                              )        Case No. 3:17-CV-852-MAB
                                                 )
JOHN BALDWIN, et al.,                            )
                                                 )
                              Defendants.         )
                                                 )

<u>MEMORANDUM AND ORDER</u>

**BEATTY, Magistrate Judge:**

This matter is before the Court on the parties' motions in limine (Docs. 168, 169). The Court addressed these motions at the final pretrial conference held on November 16, 2023, and ruled on the record as to all but two items (*see* Doc. 183). Specifically, the Court withheld ruling on whether or not to exclude evidence of Plaintiff's Veteran's Administration disability determination and Plaintiff's handicapped placard. For the following reasons, the Court GRANTS in part and DENIES in part the motion to exclude this evidence.

<u>BACKGROUND</u>

Plaintiff is an inmate within the Illinois Department of Corrections ("IDOC"), confined at Menard Correctional Center (Doc. 154, p. 1). In 2017, Plaintiff filed this action alleging the IDOC violated the Americans with Disabilities Act ("ADA") by failing to provide reasonable accommodations to inmates at Menard (Doc. 1; Doc. 154 at pp 1-2). *See generally* 42 U.S.C. § 12131 *et seq.* Plaintiff filed an amended, consolidated complaint

in May 2019 (Doc. 82). Plaintiff's claim against the IDOC and the Director of the IDOC has survived a motion for summary judgment challenging Plaintiff's failure to exhaust administrative remedies and a general summary judgment motion (*see* Docs. 114, 154).

This matter is now set for a jury trial on December 5, 2023. Prior to the final pretrial conference held on November 16, 2023, Plaintiff and Defendants filed motions in limine (Docs. 168, 169). The Court heard arguments and ruled on the record as to most of the issues raised in the parties' motions in limine, but the Court withheld ruling on: (1) whether or not to exclude evidence of Plaintiff's Veteran's Administration ("VA") disability rating; and (2) whether or not to exclude evidence of a handicapped placard Plaintiff was issued prior to his incarceration (*see* Doc. 183).

**DISCUSSION**

I.    *Evidence of Plaintiff's Veteran's Administration Disability Rating*

The Court first considers whether or not Plaintiff should be permitted to introduce evidence of his VA disability rating. While neither party has discussed this topic extensively, the general argument for admitting such evidence is that Plaintiff bears the burden of demonstrating that he is disabled as defined under the ADA, and the VA's disability rating provides evidence of his disability. Meanwhile, the argument against allowing such evidence is that it will confuse the jury because the VA's disability rating applies a different standard than the ADA.

So, the Court begins its analysis with Federal Rule of Evidence 401, which is the test for relevant evidence. Evidence is "relevant" if "(a) it has any tendency to make a fact

more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.

In considering whether this evidence is relevant, the Court notes that many trial courts across the country, including those within the Seventh Circuit, have repeatedly emphasized that there is a clear distinction between the VA's disability determination standard and the standard under the ADA and Rehabilitation Act. *See, e.g.*, *Thorn v. BAE Sys. Hawaii Shipyards, Inc.*, 586 F. Supp. 2d 1213, 1222 (D. Haw. 2008) ("A VA disability rating—based on quantifying a decrease in a veteran's earning capacity—is a completely different inquiry and standard than that imposed by the ADA and HRS § 378–2 of whether a claimant's impairment substantially limits a major life activity."). For instance, in *Rowe v. Shulkin*, No. 17-CV-9258, 2019 WL 2060951, at *9 (N.D. Ill. May 9, 2019), the plaintiff argued that he qualified as disabled under the Rehabilitation Act because the VA previously classified him as disabled. The court flatly rejected this argument, holding that "meeting the VA's standard for a special appointing authority cannot, by itself, establish disability under the Rehabilitation Act, as the eligibility requirements and purposes of the programs differ." *Id. See also Wingfield v. S. Univ. of Fla., Inc.*, No. 809CV01090T24TBM, 2010 WL 2465189, at *7 (M.D. Fla. June 15, 2010) ("First, the VA's disability rating apparently accounts for loss of earning capacity and involves 'a completely different inquiry' than the one the Court must perform [under the ADA].").

It is clear to the Court that the VA's disability determination standards are entirely distinct from those under the ADA and Rehabilitation Act. The Court is hard pressed to see how the VA's disability rating has any tendency to make the fact that the Plaintiff is

disabled under the ADA more probable, as required by Rule 401. Accordingly, this evidence is not relevant to the issues in this case.

But even if this evidence was relevant, the Court must still determine whether the probative value of the evidence is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Significantly, in deciding this issue, courts have focused on the risk of confusion created by introducing the VA's disability determination. *See Chavez v. Waterford Sch. Dist.*, No. 09-12336, 2011 WL 887784, at *3 (E.D. Mich. Mar. 14, 2011); *Leonard v. United States*, No. 2:15-CV-2903, 2017 WL 5987864, at *3 (S.D. Ohio Dec. 4, 2017). For example, in *Chavez*, the parties disagreed as to whether the plaintiff could admit evidence of her social security disability determination. 2011 WL at *2-3. After acknowledging the differing standards, the Court held:

> In this instance, even if relevant under FRE 401 (this Court does not so find), the Court agrees with Defendant that Plaintiff's determinations should be excluded pursuant to FRE 403. FRE 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.
>
> As stated above, an issue for the jury to determine is whether Plaintiff is a qualified individual with a disability who cannot perform the essential functions of the employment position that she held. Because this issue is so pivotal to the outcome of this trial, any other determination stating that Plaintiff is, or is not "disabled," based on a different standard, would only serve to confuse and mislead the jury. This confusion would outweigh any probative value. Therefore, the Court shall grant Defendant's motion to exclude any evidence regarding Plaintiff's disability determinations at trial.

*Id.*

Conversely, in *Leonard*, the court also considered whether evidence of the plaintiff's VA disability determination should be excluded because it was assessed under a different standard than the statute the plaintiff's claims arose under. 2017 WL at *2. The court first found that the VA's disability determination was relevant, although its weight could be challenged based upon the differing standards. *Id.* The court then considered whether the relevance of the VA's disability determination was outweighed by the risk of unfair prejudice and confusion. *Id.* Ultimately, after acknowledging a line of cases that prohibited the introduction of such evidence due to the risk of confusing the jury, the court explained that "[t]he concern about confusing the jury or the fear that a jury may give agency findings inappropriate weight are not present in the instant proceeding, given that it is a *bench trial.*" *Id.* at *3 (emphasis added).

Here, however, this action is to be tried to a jury and the risk of confusing the issues and misleading the jury is real, given that the standards at issue are entirely different. Moreover, a limiting instruction would not be sufficient to cure this problem as the Court believes that a limiting instruction would only further confuse the jury. Accordingly, even if evidence of the VA's disability determination was probative of the issues in the case, that minimal value is substantially outweighed by the danger that it will confuse the issues and mislead the jury. For these reasons, the Court GRANTS the Defendants' motion to exclude evidence of Plaintiff's VA disability determination. *See* FED. R. EVID. 403; *Chavez*, 2011 WL *2-3.

II.    _Evidence of Plaintiff's Handicapped Placard_

Defendants also seek to exclude the introduction of any evidence that Plaintiff was previously granted a handicapped placard for his vehicle. In response, Plaintiff argues that his handicapped placard provides further evidence of his disability (Doc. 177, p. 1).

Similar to the Court's analysis regarding a VA disability determination, "the fact that Plaintiff obtained a handicapped placard for [his] car does not establish that [he] suffered from an ADA-protected disability." _Gilliard v. Georgia Dep't of Corr._, No. 1:10-CV-03269-GGB, 2012 WL 12951863, at *26 (N.D. Ga. Mar. 2, 2012); _Robinson v. Hoover Enters._, LLC, 2004 WL 2792057, at *5 (N.D. Ga. Oct. 20, 2004) ("Certification or diagnosis of a disability [by a physician] for purposes of a parking permit falls short of the exacting standards of qualifying as disabled under the ADA."). However, while the placard does not demonstrate that Plaintiff is disabled under the ADA, it does have some relevance because it could be used to establish that Plaintiff has had mobility issues for many years (_i.e._, an impairment that substantially limits a major life activity). Thus, the question here hinges on whether the probative value of this evidence is substantially outweighed by the danger of confusing the issues or misleading the jury. _See_ FED. R. EVID. 403; _Chavez_, 2011 WL *2-3.

Significantly, the Court finds the risk of confusing the issues or misleading the jury by introducing evidence of Plaintiff's handicapped placard is minimal. Unlike with a VA disability determination, handicapped placards are issued in many circumstances,

including pregnancies and temporary injuries.[1] Additionally, handicapped placards contain expiration dates. For these reasons, the Court believes that a jury would not necessarily confuse or equate the issuance of handicapped placard with a determination that an individual is disabled under the ADA.

Moreover, while handicapped placards are typically granted to individuals with disabilities or impairments, the risk of confusing the jury can be mitigated by limiting how Plaintiff introduces evidence of his handicapped placard. Plaintiff cannot testify that he was found to be disabled or permanently disabled in order to receive his handicapped placard. At most, Plaintiff may utilize evidence of his handicapped placard to demonstrate that he has been suffering from mobility issues for many years. If Plaintiff attempts to go beyond these limitations at trial, the Court will intervene as required. *See Rubino v. Cnty. of San Diego*, No. 05CV0942-LAB(BLM), 2007 WL 935607, at *5 (S.D. Cal. Mar. 12, 2007) (rejecting the plaintiff's argument that he "is certified 'disabled' because the DMV issued him a disabled parking placard" and noting that the plaintiff did not offer support for his claim that the DMV's definition of disabled is co-extensive with those of other federal statutes). Moreover, Defendants may challenge the weight of this evidence at trial through vigorous cross-examination.

---

[1] The Court acknowledges, however, that the *current* Illinois handicapped placard application requires a medical professional to certify that "the applicant has a condition that constitutes him/her as a person with disabilities." *See Information: Persons with Disabilities*; Office of the Illinois Secretary of State, https://www.ilsos.gov/services/persons_with_disabilities/disabilities.html.

For these reasons, Defendants motion to exclude evidence of Plaintiff's handicapped placard is DENIED. But to be clear, Plaintiff cannot equate evidence of his prior handicapped placard with evidence of a disability as defined by the ADA.

<u>CONCLUSION</u>

The Court's ruling upon the record has already disposed of the majority of the issues presented in the parties' motions in limine (Docs. 168, 169, 183). As to the remaining evidentiary disputes, Defendants' motion in limine is GRANTED in part and DENIED in part (Doc. 168). Plaintiff may not introduce evidence of his VA disability determination at trial. However, Plaintiff may introduce evidence of his handicapped placard consistent with the above limitations.

IT IS SO ORDERED.

DATED:  November 21, 2023

s/ Mark A. Beatty
MARK A. BEATTY
United States Magistrate Judge