IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT PETERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:17-CV-852-MAB |
| | ) |
| JOHN BALDWIN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court for purposes of pretrial case management. Specifically, in the Court's Order denying the Defendants' motion for summary judgment, the Court noted that the Plaintiff's request for injunctive relief appeared to be moot, which would in turn require the dismissal of the Director of the Illinois Department of Corrections as a Defendant ("IDOC") in this case (*see* Doc. 154 at p. 1, fn. 1). The Court intended to discuss this issue with the parties at a status conference, but inadvertently forgot to bring the issue up at the more recent conferences with the parties.

For the reasons outlined herein, Plaintiff's claim for injunctive relief, to the extent it was not already abandoned, is not available remedy and must be dismissed along with the Director of the IDOC.

### Procedural Background

This case was consolidated with another case Plaintiff had pending in this district that involved similar allegations and claims (Doc. 76). Notably, Plaintiff's consolidated complaint purported to raise his claims individually and on behalf of a class of inmates

with mobility issues who require accommodations (Doc. 82). Accordingly, one form of relief sought in Plaintiff's consolidated complaint was "[a]warding injunctive relief requiring that the IDOC make its prisons and jails compliant with the ADA and the Rehabilitation Act within a reasonable period of time[.]" (*Id.* at p. 6). Subsequently, Defendants moved for summary judgment due to Plaintiff's failure to exhaust his administrative remedies (Doc. 100). The Court ultimately granted the motion in part and denied it in part, finding Plaintiff was permitted to proceed on his claim that the IDOC violated the ADA and/or Rehabilitation Act by not allowing Plaintiff to make use of walking assistive devices during a specific time period in 2016 (Doc. 114, p. 10).

Thereafter, Plaintiff opted not to file a motion pursuing class certification (*see* Doc. 128; Doc. 136, p. 2; Doc. 137). Plaintiff's claim then survived a merits-based motion for summary judgment (Doc. 140; Doc. 154). Significantly, in the Order denying Defendants' motion for summary judgment, the Court stated the following in footnote 1:

> The Director of the Illinois Department of Corrections at the time this case was filed was John Baldwin. The current Director is Rob Jeffreys. The Director was named as a Defendant in this case for the purpose of injunctive relief. Although neither party addresses this issue in their summary judgment briefing, the Court believes Plaintiff's claim for injunctive relief is likely now moot. However, the Court will hold off on dismissing the Director as a Defendant in this case until speaking with the parties at a status conference.

(Doc. 154 at p. 1, fn. 1). Since that Order, neither party has challenged the Court's finding that Plaintiff's claim for injunctive relief is likely moot.

Finally, in November 2023, the Court held a final pretrial conference (Doc. 183). At that conference, the Court and parties discussed the availability of compensatory and

punitive damages (*Id.*; Doc. 184, p. 2). However, the Court inadvertently failed to bring up the issue about injunctive relief – that it appeared to be foreclosed (Doc. 183; Doc. 184). The parties likewise did not address the issue with the Court or seek any clarification from the Court.

## Discussion

To avoid potential, unnecessary confusion at trial, the Court will clarify its prior finding that injunctive relief is no longer available (*see* Doc. 154). In reaching this determination, the Court relies on several key points.

First, Plaintiff's claim for injunctive relief appears premised upon this case being brought as a class action. Pertinently, Plaintiff's claim for injunctive relief sought for *all* IDOC prisons and jails to make changes to become compliant with the ADA and the Rehabilitation Act (Doc. 82). Undoubtedly, such a sweeping, broad form of relief would be entirely inappropriate for a single claim of disability discrimination at a single IDOC facility during a specific time period.[1] *See, e.g.*, *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) ("Under the PLRA injunctive relief to remedy unconstitutional prison conditions must be 'narrowly drawn,' extend 'no further than necessary' to remedy the

---

[1] Moreover, the Court notes that the request is far too vague as to what relief it is actually seeking. For instance, the ADA's requirements vary based upon when a structure was built, yet Plaintiff's request for injunctive relief does not acknowledge this. In addition, even when a facility is not structurally compliant with the ADA, this may be permissible if the inmate was provided equivalent access by alternative means. *See Clemons v. Dart*, 168 F. Supp. 3d 1060, 1067 (N.D. Ill. 2016) ("In identifying the scope of the equivalent access provision, the drafters of the ADA indicated that '[n]othing in these requirements prevents the use of **designs, products, or technologies** as alternatives to those prescribed, provided they result in substantially equivalent or greater accessibility and usability.'") (quoting 38 C.F.R. § 1191).

constitutional violation, and use the 'least intrusive means' to correct the violation of the federal right.").

Second, the Court notes that neither party raised nor discussed the potential for injunctive relief at the final pretrial conference (Doc. 183). The Final Pretrial Order also specifically notes that "[t]his is an action for money damages." (Doc. 184 at p. 2). It does not identify a claim for injunctive relief in the "Agreed to Issues of Law" or suggest in any manner that the Court will be called upon to decide Plaintiff's claim for injunctive relief. Indeed, the parties specifically indicated that they do not anticipate the need for a bifurcated trial (Doc. 184, p. 5), which would be necessary if the claim for injunctive relief was still in the case as the Court would have to decide that claim in a bench trial following the jury trial. *See e.g.*, *Johnson v. Randle*, No. 10-CV-0135-SCW, 2013 WL 5647142, at *4 (S.D. Ill. Oct. 15, 2013) ("After the jury trial, the Court held a bench trial on the issue of injunctive relief."). And third, the Court similarly notes that neither party challenged the Court's finding in footnote 1 of the Order denying Defendants' motion for summary judgment (Doc. 154 at p. 1, fn. 1). Put simply, had either party disagreed with the Court's finding, they should have raised the issue by now (and presumably would have). Nonetheless, even if one of the parties had raised this issue, the Court is confident in its conclusion that Plaintiff's request for injunctive relief is impermissibly broad and clearly premised upon this case being a class action, which it is not.

Finally, in light of the Court's ruling that Plaintiff's claim for injunctive relief is now moot, the Court finds that the Director of the IDOC is no longer a necessary party to this action. As noted in footnote 1 of the Court's Order denying summary judgment, the

"Director [of the IDOC] was named as a Defendant in this case for the purpose of injunctive relief." (Doc. 154 at p. 1, fn. 1). Consequently, because injunctive relief is not an available remedy here, the Director is no longer a necessary party to this action. Therefore, the Clerk of Court is DIRECTED to terminate the Director as a party to this action. However, the Court emphasizes that terminating the Director as a party to this case has no impact whatsoever on Plaintiff's remaining claim against the IDOC, which will proceed to trial by jury on December 5, 2023.

## Conclusion

Plaintiff's claim for injunctive relief, to the extent it was not already abandoned, is not an applicable remedy in this case. In light of this holding, the Court DIRECTS the Clerk of Court to terminate the Director of the IDOC as a party to this action. The case will proceed to trial by jury on December 5, 2023, on Plaintiff's claim against the IDOC.

**IT IS SO ORDERED.**

**DATED:  December 4, 2023**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**