IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SCOTT PETERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:17-CV-852-MAB |
| | ) | |
| JOHN BALDWIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on the Bill of Costs filed by Defendants Latoya Hughes and the Illinois Department of Corrections ("IDOC") (Doc. 209) and Plaintiff's objections thereto (Doc. 211). For the reasons explained below, Plaintiff's objections are overruled and Defendants are awarded their costs.

Plaintiff Scott Peters filed this lawsuit against the Illinois Department of Corrections and various officials at Menard Correctional Center, alleging Defendants failed to provide reasonable accommodations under the Americans with Disabilities Act ("ADA") and/or the Rehabilitation Act ("RA") (*see* Docs. 1, 13, 17, 67, 82). This case proceeded to a jury trial in December 2023 on Plaintiff's claim that the IDOC violated the ADA/RA by not allowing Plaintiff to make use of walking assistive devices during the two-week period from March 22, 2016, to April 5, 2016 (*see* Docs. 114, 154, 184). The jury returned a verdict in favor of the IDOC on December 6, 2023 (Doc. 202), and judgment was entered one day later (Doc. 206).

Defendants filed the instant Bill of Costs on December 15, 2023, seeking a total of $1,986.95 for the cost of preparing deposition transcripts, along with a related cancellation fee (Doc. 209). Plaintiff filed a timely objection to Defendants' Bill of Costs on December 27, 2023 (Doc. 211). In his objection, Plaintiff notes that he is currently incarcerated and will continue to be in the future, and he was granted indigent status when this case was filed (*Id.*; *see also* Doc. 21).[1] Plaintiff also challenges the necessity of conducting depositions and preparing transcripts for those depositions, arguing that Defendants voluntarily elected to use transcript services (Doc. 211). Furthermore, Plaintiff challenges the inclusion of a $200 cancellation fee in Defendants' Bill of Costs (*Id.* at p. 2). Plaintiff asks the Court to sustain his objections and deny Defendants their costs (*Id.* at p. 3).

## DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. There is a "strong presumption that the prevailing party will recover costs . . . ." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *accord Lange v. City of Oconto*, 28 F.4th 825, 845 (7th Cir. 2022); *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). The burden is on the non-prevailing party to overcome this presumption by making "an affirmative showing that taxed costs are not appropriate." *Lange*, 28 F.4th at 845 (citation omitted);

---

[1] Plaintiff's court-appointed counsel was permitted to withdraw on December 11, 2023 (Doc. 208), and Plaintiff has filed his objections *pro se*. Accordingly, the Court has liberally construed Plaintiff's *pro se* filing. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) ("A document filed *pro se* is 'to be liberally construed[.]'").

*Rivera*, 469 F.3d at 636. "This presumption in favor of awarding costs 'is difficult to overcome'; therefore, 'the court must award costs unless it states good reasons for denying them.'" *Lange*, 28 F.4th at 845 (quoting *Weeks*, 126 F.3d at 645). The decision of whether and to what extent the prevailing party may be awarded costs is committed to the district court's discretion. *Lange*, 28 F.4th at 846; *Weeks*, 126 F.3d at 945.

The presumption that costs are to be awarded to the prevailing party can be overcome by a showing of indigency. *Rivera*, 469 F.3d at 634 (citing *Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983)); *Weeks*, 126 F.3d at 945. However, indigence "does not automatically excuse the losing party from paying the prevailing party's costs." *Rivera*, 469 F.3d at 635. In determining whether to hold an indigent party liable for costs, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Id.* (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). The burden is on the indigent party "to provide the district court with sufficient documentation to support such a finding," in the form of "an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Rivera*, 469 F.3d at 635 (internal quotation marks and citation omitted). If the indigent party makes such a showing, then the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* "No one factor is determinative." *Id. See also Lange*, 28 F.4th at 846 ("A showing of good faith alone, however, is insufficient to shield a losing litigant from paying costs.") (citation omitted).

Here, Plaintiff's primary challenge to Defendants' Bill of Costs is that the costs incurred by preparing deposition transcripts were not necessary (*see generally* Doc. 211). In support, Plaintiff cites to Federal Rule of Civil Procedure 27(a)(1) and 54 (*Id.*). Significantly, neither Rule supports Plaintiff's argument. Rule 27(a)(1) deals with petitions for perpetuating testimony and neither discusses costs nor provides any support for Plaintiff's argument. Similarly, Rule 54 merely outlines when costs may be collected and provides no support for Plaintiff's argument that deposition costs should not be allowed. To the contrary, both statutes and caselaw make clear that deposition costs are recoverable. *See* 28 U.S.C. § 1920(2); *Weeks*, 126 F.3d at 945 (Holding "deposition costs (including transcripts) as well pretrial and trial transcript costs are authorized under § 1920(2)."). Thus, Plaintiff is not relieved of his obligation to pay costs because he now believes the depositions and accompanying transcripts were unnecessary.

The Court next considers whether the costs assessed against Plaintiff should be reduced due to Plaintiff's indigency. *See Rivera*, 469 F.3d at 635. Plaintiff was permitted to proceed in forma pauperis when this action commenced in 2017 because he had no assets and a negative trust fund balance (Doc. 21). Additionally, Plaintiff has remained incarcerated throughout the course of this litigation and is not projected to be discharged until 2132. *See* IDOC Inmate Locator, available at https://idoc.illinois.gov/offender/inmatesearch.html (last visited July 29, 2024). However, Plaintiff's Objection to Defendants' Bill of Costs did not include any documentation regarding his income or expenses at the time the Bill of Costs was filed (*see* Doc. 211). Nor does it include any information about his current trust fund balance

(*Id*.). While the Court recognizes that Plaintiff was granted indigent status when the case was filed, that was in August of 2017, nearly seven years ago and the Court is without any meaningful information to assess Plaintiff's current ability to pay. As the Seventh Circuit has explained, Plaintiff bore the burden of providing sufficient documentation to demonstrate that he is incapable of paying court-imposed costs at *this time* or in the future. *See Rivera*, 469 F.3d at 635. Without providing any documentation, such as "evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses," Plaintiff has failed to meet his burden. *Id.* Consequently, the Court is unable to conclude that Plaintiff is incapable of paying Defendants' costs at the time they were sought in December 2023.[2]

Finally, Plaintiff argues that he should not be assessed a $200 fee for a last minute cancellation of his scheduled deposition (Doc. 211 at p. 2). While the Court understands Plaintiff's position, the Court reiterates that deposition costs are recoverable and Plaintiff bore the burden of affirmatively showing that costs are not appropriate. *See* 28 U.S.C. § 1920(2); *Weeks*, 126 F.3d at 945; *Lange*, 28 F.4th at 845. Significantly, Plaintiff has not provided any evidence tending to demonstrate that his inability to attend the deposition in question was not his fault. While it is true that Plaintiff was in Defendants' custody at the time of the cancelled deposition, Plaintiff still needed to demonstrate that it was

---

[2] As this District Court has previously explained, the Court need not consider the other factors described in *Rivera* if the non-prevailing party fails to first meet its burden of demonstrating an inability to pay. *See Merritte v. Ingram*, No. 11-CV-0871-SCW, 2015 WL 6755305, at *2 (S.D. Ill. Nov. 3, 2015). Thus, while the Court believes Plaintiff has litigated this action in good faith and on a close issue, the Court will not reduce the amount Plaintiff owes based upon these factors because Plaintiff has failed to provide any evidence of his inability to pay. *See Lange*, 28 F.4th at 846 (Only proceeding to the second prong of *Rivera* because "Lange satisfactorily demonstrated her indigent status[.]").

Defendants' actions or inactions that resulted in his absence, and not his own actions or inactions. In reality, the Court can imagine numerous reasons why Plaintiff did not attend the deposition as scheduled – some of which would be attributable to Plaintiff, as opposed to Defendants. Therefore, because it was not necessarily Defendants' fault, Plaintiff bore the burden of demonstrating that his failure to attend the deposition was due to Defendants' actions or inactions and not his own. *See generally Acosta v. Target Corp.*, No. 05 C 7068, 2014 WL 1560447, at *2 (N.D. Ill. Apr. 18, 2014) (holding that the party responsible for the last minute cancellation should bear the costs associated with the cancellation).

For these reasons, Plaintiff's Objection to Defendants' Bill of Costs are OVERRULED.

<u>CONCLUSION</u>

The Court **OVERRULES** Plaintiff's objection to costs and **ORDERS** an award of costs in the amount of $1,986.95 for Defendants Latoya Hughes and the Illinois Department of Corrections. The Clerk of Court shall tax costs in these amounts against Plaintiff.

**IT IS SO ORDERED.**

**DATED: July 31, 2024**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**